Filed 6/2/23  P. v. Garcia CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MIGUEL GARCIA, JR.,<br><br>    Defendant and Appellant. | F085007<br><br>(Fresno Super. Ct. No. CF03907163)<br><br>**OPINION** |

-ooOoo-

### THE COURT[1]*

APPEAL from a judgment of the Superior Court of Fresno County.  John F. Vogt, Judge.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Hill, P. J., Levy, J. and De Santos, J.

In 2005, appellant and defendant Miguel Garcia, Jr. (appellant) was convicted after a jury trial of count 1, first degree murder, with an enhancement for personally and intentionally discharging a firearm which proximately caused death or great bodily injury; and count 2, felon in possession of a firearm, and admitted prior conviction allegations. He was sentenced to an aggregate term of 75 years to life plus five years in prison. The judgment was affirmed on direct appeal.

In 2022, appellant filed a petition for resentencing pursuant to Penal Code section 1172.6.[2] The People filed opposition and submitted the jury instructions as supporting exhibits. The superior court appointed counsel, conducted a hearing, and denied the petition with prejudice, finding appellant failed to state a prima facie case because the jury instructions and verdict showed he was convicted as the actual killer.

On appeal, appellant's counsel filed a brief with this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record.

On January 20, 2023, this court sent an order to appellant stating his appellate counsel had filed a brief under *Wende* that indicated no arguable issues had been identified for appeal; previously, when an appellant filed an appeal from the denial of a section 1172.6 petition, and counsel filed a *Wende* brief, this court performed an independent review of the record to determine whether any error occurred; the California Supreme Court determined in *Delgadillo* that independent *Wende* review is not required for appeals from the denial of section 1172.6 petitions; in accordance with the procedures

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated. Appellant filed his petition under former section 1170.95, which was amended effective January 1, 2022, and then renumbered as section 1172.6, effective June 30, 2022, without further substantive changes. (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3; Stats. 2022, ch. 58 (Assem. Bill. 200), § 10, eff. June 30, 2022.) As such, we refer to the subject statute by its current number throughout this opinion.

set forth in *Delgadillo*, appellant had 30 days in which to file a supplemental brief or letter raising any arguable issues he wanted this court to consider; and if we did not receive a letter or brief within that 30-day period, this court may dismiss the appeal as abandoned.

Since more than 30 days have elapsed, and we have received no communication from appellant, we consider his appeal abandoned and order dismissal. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## **DISPOSITION**

The appeal is dismissed.